Good morning, and may it please the Court. Trip Johnson on behalf of Mr. Valdivia. I'd like to try to reserve a minute for rebuttal. All right. Before the Washington State Legislature enacted its complicity statute in 1976, the Washington Supreme Court and lower appellate courts had developed a common law understanding of accomplice liability that I believe is one court cited by the government said, Judge Learned Hand hit the nail on the head when he described it as accomplice liability that would require proof that the individual participate in the crime as in something that he wishes to bring about, that he seek by his action to make that crime succeed. Whatever the state of complicity liability was in Washington before 1976, the statute enacted by the legislature significantly broadened that liability. In particular, and in contrast to the model penal code, in contrast to the federal standard which is articulated in Judge Hand's quote from Peone, in contrast, in fact, to every jurisdiction, state jurisdiction except for five others, it lowered that mens rea from intent to knowledge. Counsel, would you, oh, sorry. No, go ahead. I was just going to ask, since he was convicted on 401, why do we care about the complicity statute, which was 020? 401 being the final numbers of the statute? Yes. We're talking about RCW 6150-401. I was using that as shorthand. Got it, Your Honor. Thank you. We do because, and the government, in fact, has conceded this through its silence. Washington law has implicitly, has implied accomplice liability in every criminal statute. Exactly, but he wasn't convicted as, he was convicted as a principal and not on the accomplice theory of liability. So how does that become pertinent then to our analysis? It's pertinent because he would never be convicted under the accomplice statute. But he didn't have to be in this case. If he could be convicted under the statute as a principal, why do we even care about what would happen if he were charged as an accomplice? Because under the State Supreme Court's understanding of Washington law, and I'm citing to Carruthers, it need not even be charged as accomplice liability. An individual can be charged without even naming another individual as a principal, and he can still be convicted. In the proceedings, there is a jury instruction, an argument from the prosecution, witness testimony or something that gives an indication that accomplice liability is the theory of the case. Do we have anything similar to that here? Well, no, here we do have a guilty plea. However, the accomplice liability would apply whether the jury was instructed on accomplice liability or not. Certainly there is a model instruction that is provided to juries in these cases. But as long as we're under the law of Carruthers, an individual can plead guilty to a charging document that charges him as a principal, even if he is only guilty as an accomplice. But if there is nothing in the colloquy that mentions aiding or assisting, if the colloquy is just implicating him as a principal, you're still saying that it matters about accomplice liability? Well, I think it does. I mean, if we've learned anything from the Taylor analysis, and I don't believe that there's anything here saying that he admitted that he was a principal in this case. But even if he had, the question under Taylor is, was that a necessary fact to admit? What did he plead guilty to? The statute that Judge O'Scanlan shorthanded with, is it 403? I'm sorry, plead guilty to the drug statute. 6950-401. 401. He wrote out on the form that the crime he committed was possession with intent to deliver dash heroin. And then he wrote out, possess a controlled substance heroin with intent to distribute it in King County and know it was a narcotic drug. So he hand wrote that out. Nothing about assisting anyone or helping anyone or betting anyone. Fair enough, but if I was to analogize to the California burglary statute, even if an individual had written out that I unlawfully, without permission, entered a residence to commit a felony, even if that individual had written out or pled to commit a larceny, it still would not be an aggravated felony under. That's because we've said that is not categorically a crime of violence. But we have not said that in terms of the Washington statute. In fact, we've said the opposite, right? Well, the same principles would still apply here, that an admission to a fact that's not essential to the conviction is not going to necessarily establish that he was guilty of possession when he could have easily. And I think Mr. Paniagua's case, which we'll discuss next, might help me give a little bit of light to this. But before you go on, is your. So is your argument that he pled guilty to. Let's just call it the 401 section. But because of the way that statute is applied in Washington, then it just automatically he's also guilty of the accomplice liability. Is that your argument? That is my argument. But based on his plea, you would not be able to tell whether he was guilty as an accomplice or a principal because Washington incorporates the accomplice liability. So it would be like as if we're doing a Taylor analysis, but we would start with the 401, but also it has to by some means incorporate the liability section. Yeah. And I think perhaps Dwayne, yourself or as the Supreme Court's decision that said that accomplice liability is inherent in all crimes. So we have the same thing in the federal law, but we don't necessarily conduct the Taylor analysis on section two, which is the aiding and abetting counterpart in federal law. When there is an underlying crime that we are looking at. So why should this be any different? Just because it's Washington state law as opposed to a federal statute. Well, Dwayne just Alvarez was, I believe, and I'll be corrected if I'm wrong. Analyzing a state statute in California, I believe 10, eight 51 theft of an automobile that the court concluded that a generic definition of drug, or sorry, of an aggravated felony would include accomplice liability, even though the statute of conviction was 10, eight 51. Do you have a case that has adopted your theory of analysis that when a court is determining whether a crime is categorically an aggravated felony, it's appropriate to look not only at the statute of conviction, but the accomplished statute as well. What's the, what's the strongest case authority you have to support your argument? Well, I think it would be Dwayne yourself or as your honor. I don't want to run out of time without making sure that the, the court isn't led astray by the government's claim that accomplish liability in Washington. If we do get past this hurdle is not substantially broader than the generic definition is understood. Despite the clear language of the statute, the plain language of the jury instruction, saying it's knowledge instead of intent, the government sites, several cases that would almost make you think I'm making this up, that it's much broader. But the court should be careful. They, two of the cases they cite from the Washington Supreme court predate the enactment of Washington's complicity statement statute. And that's Jr. distributors in Gladstone. Another lower court case predates it by some 18 years. But the court needs to be doubly cautious when looking at cases cited by the government. And this is page 24 of their brief suggesting that somehow Washington accomplished liability still includes what they say, quote, is an intent element where the individual shared in the criminal intent of the principle that's demonstrating a community of unlawful purpose. That was a lower court decision U.S. versus Truong. But if you look at the citation authority that Truong has for that, it cites a case that cites another case that relies on a pre enactment case. It also cites a California, I mean, sorry, a Washington Supreme court case state versus boast that at least one intermediate California,  Washington court has identified is, is addressing the pre statute concept. None of those cases can withstand the scrutiny of state versus Roberts, which is the Washington state case, a Supreme court case that is most recently controlling. I see I'm running out of time. In fact, you're over your time. We'll give you a minute for rebuttal. Thank you. I appreciate it. We'll hear from the government. Good morning. May it please the court. The concepts embedded in the Washington accomplice liability statute do not extend significantly beyond what aiding and embedding is required, what the concept of aiding and embedding that's embedded in all of the other states, the 51. Counsel, counsel, let me just ask before you get into that argument, I share judge Rawlinson's puzzlement about why we're talking about accomplice liability when he was convicted on the substantive offense of delivery of heroin. And I gather your opponent said that you concede or the government concedes somehow that we should be looking at accomplice liability. What's the source of that? Why do we have to do that? I agree. I have not been able to find any authority that counters Mr. Ellis's citations from Washington state courts that says there's no jury unanimity required in determining whether an individual is liable as a Washington state law. And then I do agree. But again, my, my point is why are we talking about aider and a better because he was convicted under the principle offense of section 4 0 1 0.4 0 1. That's correct, your honor. And, and I'm not aware of a case. I think judge Rawlinson had asked if there was a case that proceeded to determine whether aiding and embedding was overbroad when the statute of conviction was identified. In Gonzalez versus Duenas Alvarez, the Supreme court did engage in an analysis of whether California aiding and embedding law was overbroad. Although the defendant was convicted under California vehicle code section 10, eight, five, one. So, and then on the Duenas Alvarez case, they also go through in their analysis and talk about how, because the statute essentially the, the burglary statute, you have to, it is just the state automatically, right? Applies the accomplice liability, even though they don't even have to charge it or they go through and essentially the jury can find the principal or the accomplice liability without any difference or unanimity. I think the point in the Supreme court's decision, Duenas Alvarez was that all 51 jurisdictions had abolished the distinction between principals and aiders and embedders when determining principal liability. And that if United States concedes that appears to be what Washington has done with its accomplice liability statute. And they don't charge it in Washington, the accomplice liability anymore, or they just charge the principal. Is that correct? There are cases where the prosecutors did specifically charge the aiding and embedding or the accomplice liability statute. So when I was looking through cases, there were certain Washington state cases that identified an information or charging document where the accomplice liability statute was identified. But on the other hand, there were also cases where the information or charging instrument didn't allege the accomplice liability statute, but the court went on to conduct an accomplice liability evaluation. But we don't have any of that here. We don't have any indication in the record that anyone considered this case to be other than a principal committing the offense. That's correct, Your Honor. If you look at the plea agreement, the defendant's plea agreement makes clear that I did deliver heroin. It was a personal principal liability basis or factual basis for the plea. But if we do engage in the analysis that the Supreme Court did in Duenes Alvarez, I think it's clear that the Washington accomplice liability statute also just doesn't extend significantly beyond what aiding and embedding laws is in all of the 51 jurisdictions that were examined in that case. Mr. Ellis seizes on the language knowledge to suggest that somehow Washington's aiding and embedding statute has a diminished mens rea as compared to all of the other jurisdictions. That's simply not the case here. It's not knowledge and knowing act that is required for accomplice liability. It's knowledge that your act will promote or facilitate an offense. Mr. Ellis has suggested that state versus Roberts is the principal case that displays or identifies what accomplice liability is in Washington. And in that case, the Washington Supreme Court actually said that the Washington statute is in all respects identical to the model penal code. So in the opinion, the Supreme Court said the comment to model code 2.063A, which is identical to RCW 9A.08.020. That's the accomplice liability statute at issue here. Counsel, may I ask you, this court has previously concluded that RCW 69.50.401 is not categorically over broad on its face. What does that do to your argument? Then why would you think with that ruling, you still had to discuss the accomplice liability portion of the statute. If we've already said that the statute, the substantive statute is not over broad. And that's true. And Ibarra Galindo, I believe is the case from 2000, this court did examine 69.50.401. Just last year in Burgos Ortega, we said the same thing. So I'm curious about why you think it's necessary to go farther than to just say that we've consistently ruled that the statute is not over broad. And we agree that the statute is not over broad and is categorically an illicit trafficking offense within the meaning of 11A01. Burgos Ortega didn't look at the accomplice liability argument that's been raised in this case. But the. Counsel, why doesn't that end the matter? In terms of Burgos Ortega and whether it's controlling. When Judge Robinson mentions that we have previously concluded that it is not over broad, shouldn't that end the case? Yes, Your Honor. We believe that the cases that this court has issued is controlling in this case. To the extent that Mr. Ellis raises an argument about accomplice liability that was not addressed in the three decisions that the Ninth Circuit has issued on this statute. We certainly think that those arguments don't have any weight. But there are controlling decisions. What's the best case for the argument that we have to look at the accomplice statute of the state? What's our best case? The Ninth Circuit. What are you relying on? Is it Ramos? Is it Grisel? What case are you principally relying on? So you're asking me to argue against our position, which is that. Well, you insist on arguing this point, so. Yeah. Well, and I will. In full candor, I think Gonzales v. Duanez-Alvarez Supreme Court's decision is one where the Supreme Court did look at California aiding and abetting liability to determine whether it was over broad compared to the other jurisdictions. But that issue was raised in that case. Yes, Your Honor. As to whether or not the FESS statute in that particular case incorporated the aiding and abetting. So that issue was joined there based on the facts of the case. Yeah. And this Court, the Ninth Circuit, looked at that question again in Suazo, S-U-A-S-T-O, or Suazo, excuse me, S-U-A-Z-O Perez, which is at 512 F3rd 1222. In that case, this Court looked at whether California's aiding and abetting law was over broad because the defendant alleged there that even though he was convicted under a California Health and Safety Code drug trafficking statute, that California's aiding and abetting law was over broad. The Ninth Circuit and this Court said no, that the California statute did not extend significantly beyond in the same way that Gonzales v. Duenas Alvarez had said what the jurisdictions would require. And in Duenas Alvarez, they also didn't charge the accomplice liability. Is that accurate? Or did they actually charge the accomplice liability statute as well? No. The question was whether accomplice liability, because all of the jurisdictions have, according to Gonzales v. Duenas Alvarez, abolished the distinction between principles. It was a federal statute in Duenas Alvarez. It was not a state statute, right? Was it a state statute? It was, Your Honor. It's California Vehicle Code Section 10851. But I think under both, if you look at the controlling Ninth Circuit case law, we agree that Washington's drug trafficking statutes are categorically illicit trafficking offenses within the meaning of the aggravated felony statute. And that was a theft offense in Duenas Alvarez. It was not a Controlled Substance Act case. It was a theft statute, right? The question there was whether the vehicle, the 10851 provision constituted a theft offense within the meaning of 1101A43G. So whether it was an aggravated felony as a theft offense. Here the question is whether it's an aggravated felony as an illicit trafficking offense. The Ninth Circuit had answered the question for the substantive statute, and Mr. Ellis has never challenged whether the Washington statute is a theft statute in the Duenas Alvarez case. Had we ever said that the theft statute was categorically a crime, an aggravated felony? Whether 10851. Right. That question had been examined before, yes, Your Honor. I thought we said it was overbroad. It was because there was a specific incorporation of an accessory after the fact provision that's embedded into the statute. But the point here is that the substantive statute remains an illicit trafficking offense. And if this Court does look and conduct the analysis that the Supreme Court did in Duenas Alvarez, Washington State's accomplice liability statute is just not overbroad. To the extent that the natural and probable consequences doctrine was found to be adequate under California law, certainly that requires no intent. Here, under Washington law, there is a knowledge that the act will promote and facilitate an offense. And under Washington State law, for all intents and purposes, the same as what all of the other jurisdictions would require. Let me ask you this, counsel. If the record reflects that the defendant was convicted as a principal, would you still be of the view that the aiding and abetting analysis should be conducted? I see I'm out of time, and if I may answer the question. You're over time, but could you please answer? So I have not found a case that suggests that the aiding and abetting statute is sort of divisible in the sense that there's jury unanimity required in determining whether an individual is convicted as a principal. Is your answer yes or no to my question? So I believe looking at Washington State's accomplice liability statute is appropriate under Gonzales v. Duenas-Alvarez. Even if the record reflects that the defendant was convicted as a principal, you still think that we need to conduct the analysis of the aiding and abetting or accomplice liability? Yes or no. I believe that Gonzales v. Duenas-Alvarez would suggest in this case that we do conduct that analysis. Yes, Your Honor. Thank you. Rebuttal. Thank you, Your Honor. And I'm not going to argue against the government's reading of Duenas-Alvarez either, but I would like to. She helped you out a lot. And I appreciate it. Thank you, Ms. Song. But what I do want to focus on, if the court ultimately agrees with both the defendant and myself, that we do have to look at Washington accomplice liability, is that it is not the same, and it is significantly broader than the generic definition. The court said, oh, look to Roberts, where they said that it is the same as the model penal code. The most important word in this statute, knowing the crime versus intending that the crime occur, has been changed. The founders or the drafters of the model penal code actually had discussion about this. It was suggested that they should use knowledge. And that was rejected because knowledge was too broad. Counsel, don't we look at how the Washington courts have, in fact, interpreted the statute to determine what the provisions of the statute mean? Yes, Your Honor. And that's why I asked the court to be cautious in looking at the citations from the government and recognize that the Washington Supreme Court, even in cases cited by the government, adopt, essentially, the position that I have, which is that intent is not required. It's only knowledge. And that's not just Roberts. The government cites State v. Gawkin, which says state versus Thomas. To convict an accomplice, the state need not show that the accomplice had the intent that the victim would be killed. The prosecution need only prove that the defendant knew his actions would facilitate the crime. Let's just get it down to basic practical. I'm a taxi driver and someone asked me to take them to the red light district because they were trying to prostitute. I have engaged in an act knowing that that person is going to engage in a criminal act that has assisted him, that has aided him. In Washington, I can be guilty of aiding and abetting that prostitution crime. In every other jurisdiction except for five others, I cannot. Stepping back just briefly, it's the difference between specific intent and general intent. In Gracita-Soliberry, this court en banc recognizes significant practical distinction that when you have specific intent, defenses like diminished capacity, subjective mistake of fact, come into play. You don't have that in Washington. You have it in every other jurisdiction except for five others in the country. As a criminal practitioner, we also know that when we talk about specific intent, we're talking about the government's requirement to prove consciousness, a conscious desire to commit a crime or to have a crime committed if you're an accomplice. You don't have that when it's just knowledge, when it's general intent. This is a significant distinction. It's a significantly broader issue than was presented in Duenas-Alvarez. The natural and probable consequences, I disagree with my opponent that it does not involve intent. If we look at the cases cited in Duenas-Alvarez, and I have a feeling we're all going to come back and look closely at this case, each one, the individual had some criminal intent. Counsel, may I ask you, are you familiar with Judge Benitez's decision in United States versus Gonzalez-Altamirano? Yes, Your Honor. Are you familiar with that? It appears that in that decision, he took the approach that the aiding and abetting and the principal liability are two alternative elements of the statute. And that if 69.50.401 rests on principal liability, and if there were accomplice liability, it would be under 9A.08.020. And so, therefore, you take different paths depending on the charging document. So why wouldn't that lead us back to 69.50.401 since the evidence in the record appears to reflect that the defendant was convicted as a principal? What's your response to that? The response is that if you look at 9A.08.020, I've just been calling that the complicity statute, it's not a subsidence statute of liability. It doesn't establish the penalties. It simply says a definition of when an accomplice will be guilty of the substantive statute. I don't think that we would find anyone being convicted of this statute. And perhaps helpful, because we've cited these cases in our briefs, is three other circuits have addressed what we call the facilitation statutes. They are actually separate statutes that have the same knowledge instead of intent requirement. And this is the Second Circuit, I believe the Eighth and the Sixth, that have looked at New York facilitation. This is how Washington has defined aiding and abetting liability. So that's what we have to work with. That's absolutely correct, Your Honor. But what I want the court to see is the distinction is this is simply a definition of liability. You are convicted of the substantive statute, whether it's here, the drug statute, whether in California it's the car theft statute. This just says that an accomplice will be held accountable under the substantive statute. What is the response to Judge Benitez's approach of seeing those as alternative elements? I would respectfully point the court back to Washington's case law. Ms. Hong talked about no juror unanimity. A State v. Hoffman is a Washington State Supreme Court case that says in the clearest terms that there need be no unanimity. Quote, it matters not that some jurors may have believed the petitioner fired the gun, while others may have believed that his only role was in aiding and abetting. And because Washington has said that it doesn't matter, we are right where we've been recently in Mathis and in Descamps of seeing means of committing a crime versus elements. All right. Thank you, counsel. Thank you.  The case just argued is submitted for decision by the court.
judges: O'scannlain, Rawlinson, Marquez